[No. 2646. Decided July 15, 1897.]

THE STATE OF WASHINGTON *on the Relation of Manhattan Trust Company*, v. SUPERIOR COURT OF KING COUNTY *et al.*

APPEAL — MANDATE AND PROCEEDINGS BELOW.

Upon a mandate from the supreme court reversing the judgment of the superior court upon an interlocutory order made in the foreclosure of a mortgage, as to the right of priority between secured and certain unsecured creditors, the superior court has power to vacate a decree of sale made by it pending the appeal, and direct other unsecured creditors, who had not been parties to the appeal, to file their claims to priority, if they assert any such claims.

### Original Application for Prohibition.

*Struve, Allen, Hughes & McMicken*, for relator.

*Bausman, Kelleher & Emory, Strudwick & Peters, Donworth & Howe, Preston, Carr & Gilman*, and *Osborn & Steele*, for respondents:

The lower court had jurisdiction at the time of the entry of the decree complained of to adjudicate or to permit other creditors to present their claims for adjudication. "A creditor upon a proper case made by petition may be permitted to come in at any time while the fund or any part of it is under the control of the court, although the time for presenting claims has expired." *In re Receiver of the City Bank of Buffalo*, 10 Paige, 378; *Judson v. Rossie*

*Galena Co.*, 9 Paige, 598 (38 Am. Dec. 569); *Pratt v. Rathbun*, 7 Paige, 269. The court has power to extend the time for presenting claims. *People, ex rel. Att'y Gen., v. Security L. Ins. Co.*, 79 N. Y. 267; *Matter of Att'y Gen. v. Continental L. Ins. Co.*, 88 N. Y. 77. Other creditors may be permitted to come in and make themselves parties at any time before distribution. *Ex parte Nayler*, 78 Am. Dec. 457; *Brooks v. Gibbons*, 4 Paige, 374. An order of court wherein a receiver has been appointed, requiring creditors, not parties to the cause, to intervene and establish their claims within a certain time or be forever barred is void. *Tex. & Pac. Ry. Co. v. Watts*, 18 S. W. 312, following 13 S. W. 463. In a creditor's suit, although there may have been a decree, the neglect or omission of a creditor to come in before decree, will not preclude his rights to afterwards be let in, provided other creditors are placed in no worse condition. *Warren v. Hoffman*, 4 Edw. Ch. 381, citing *Pratt v. Rathbun*, 7 Paige, 269.

Upon issuance of remittitur to superior court in case of *Manhattan Trust Company v. Seattle Coal & Iron Company*, defendants, *Murphy, Grant & Co. et al.*, intervenors, the superior court was reinvested with jurisdiction to try and determine the rights of all parties who were then parties to the suit, or who might come in claiming rights, not inconsistent with the opinion of the supreme court in that case. Where a case has been affirmed by the supreme court and remitted to the court below, the trial court is reinvested with jurisdiction to make such orders as it deems proper. *Reynolds v. Newaygo Circuit Judge*, 67 N. W. 529. If the court did not follow the decision of the court of appeals in reference to the modification of an injunction, that fact did not make its action void. The proper course of the defendant was to move to vacate the order

and if that was refused, appeal. The court was not without jurisdiction when it attempted to make the judgment of the court of appeals its judgment. Erroneous action is never a ground for attacking the jurisdiction of the court. *Fischer v. Blank*, 31 N. Y. Supp. 10 (81 Hun). Where an appellate court reverses a case and returns it to the lower court for further proceedings, that court can only carry into effect the mandate of the appellate court so far as its direction extends; but is left free to make any order or direction in the further conduct of the case, not inconsistent with the decision of the appellate court as to any matter not before that court for determination. The rights of subsequent intervenors were not before the supreme court on appeal. *Cunningham v. Ashley*, 63 Am. Dec. 62.

Whatever was before the appellate court and disposed of is considered as finally settled. The inferior court is bound by the judgment or decree as the law of the case. It can give no other or further relief as to any matters decided by the supreme court, or in any manner meddle with it further than to execute the mandate and settle such matters as have been remanded not adjudicated by the supreme court. *Fortenberry v. Frazier*, 39 Am. Dec. 373. For a decree similar to the one complained of herein, see *Fitzgerald v. Evans*, 49 Fed. 426.

The original decree in the superior court in favor of the *Manhattan Trust Company*, was reversed and set aside by the supreme court on the appeal of intervenors. If not so reversed, then the lower court had no power or jurisdiction to enter such decree after appeal by intervenors. In either case the original judgment became a nullity. *Barton v. Long*, 16 Atl. 683; *National Exchange Bank v. Stelling*, 10 S. E. 766. Hence, the superior court had full jurisdiction to make and enter the decree complained of.

The opinion of the court was delivered by

REAVIS, J.—Application for a writ of prohibition against the superior court of King county. Pending proceedings to foreclose a mortgage and trust deed by plaintiff, a receiver was appointed by the superior court, and, after taking possession of the property embraced in the trust deed, an issue arose between certain unsecured creditors of the mortgagor and the plaintiff trustee. The superior court heard and determined such controversy and adjudged the mortgage lien superior, from which the unsecured creditors, Murphy, Grant & Co. and others, appealed to this court.

The cause is found reported in 16 Wash. 499 (48 Pac. 333), entitled *"Manhattan Trust Co. of New York v. Seattle Coal & Iron Co. et al."* Before the decision of the cause here, plaintiff procured a decree of foreclosure and sale in the superior court, and the property was sold subject to confirmation; but before the confirmation, the remittitur from this court went down. The superior court thereupon in effect vacated the order of sale and proceeded in accordance with the mandate of this court to adjudge the superiority of the claims of Murphy, Grant & Co. and other appealing creditors over the mortgage and all claims of plaintiff, and also proceeded further and directed that other general creditors of the insolvent corporation, Seattle Coal & Iron Co., should file their claims to priorities over the mortgage and over plaintiff's claim, if priorities were asserted, within a specified time, for hearing and determination by the superior court; and that court also directed a sale of all the property embraced in the mortgage and in the custody of the receiver, at public sale, by the receiver at a sum of not less than $130,000.

The relator maintains that the superior court had no power to disturb its decree entered pending the appeal of

Murphy, Grant & Co. and other creditors, in this court, and that it could go no further when the remittitur was filed than direct priority of payment of the claims of Murphy, Grant & Co. and other creditors who had joined in the appeal. But the order of sale did not provide funds for the payment of these creditors. Such order only provided for the payment of counsel fees and expenses and compensation of the receiver, and the remainder of the purchase price could be paid in bonds of the defendant corporation held by the plaintiff trustee. It is not necessary here to determine whether the pending appeal of Murphy, Grant & Co. and other creditors stayed a final decree and sale of the mortgaged property, for in any view the plaintiff, pending the appeal from an interlocutory order, proceeded at its peril. On the appeal from the interlocutory order in *Manhattan Trust Co. v. Seattle Coal & Iron Co. et al.*, it was said:

" In this case no question has been raised or considered as to the whole property of this corporation being a trust fund now in the possession of the court for the benefit of the creditors of the corporation alike."

The foreclosure suit of plaintiff trustee against the Seat-Coal & Iron Co. was begun in February, 1894, and from that time until the present the entire property of the defendant corporation has been in the custody of the receiver. The receiver, it now appears from the record in this proceeding, by order of the court entered October 12, 1895, was directed to publish notice to all creditors of the Seattle Coal & Iron Co. notifying them to present all claims against the company, duly verified, to him within forty days after date of publication. A great many creditors then presented their claims duly verified, which were approved by the receiver. All this was done with the consent of the plaintiff trustee. The plaintiff trustee, in a

supplemental complaint filed in 1894, asked that the receiver take into his custody all the property of the coal company, and the mortgage by its terms specifically embraced all the property of the defendant coal company, and, under the notice given by the receiver to the creditors to file claims, the plaintiff trustee filed an individual account for $37,000. When the remittitur from this court was filed in the superior court, the question was presented to that court upon the petitions of various creditors, whether the pending receivership was a special and limited one under a foreclosure proceeding, or had become by the action of the plaintiff trustee and receiver a general receivership of an insolvent corporation. The superior court seems to have assumed that it could properly determine the priorities between the general creditors of the defendant coal company and the plaintiff trustee as representative of the bondholders. The question of general or special receivership is, however, more of form than substance, as all parties were before the court, and all the property in its custody. Upon issues properly framed it ordered a sale by the receiver of all the property of the insolvent corporation, and directed certain appropriations of the proceeds when paid into the registry of the court. It reserved the question of priorities among certain creditors until further hearing and final distribution.

The superior court has proceeded in conformity to the opinion of this court in the case heretofore mentioned, and so far as the mandate ordered, and seems to have proceeded properly in the further administration of its trust with the property of the defendant coal company in its custody. We find no reason for interference with its order and decree. The writ is, therefore, denied.

SCOTT, C. J., and GORDON and DUNBAR, JJ., concur.

25—17 WASH.

ANDERS, J. (dissenting).—I think the remittitur from this court did not authorize the superior court to vacate the judgment entered in the regular foreclosure suit, but only to so modify it as to make the claims of the petitioning creditors prior to those of the mortgagees. When the court in effect set aside and vacated the entire judgment and decree of foreclosure, and ordered a new sale of the property in the foreclosure suit, by a receiver in that suit, I think it proceeded without authority of law. I, therefore, am of the opinion that the writ prayed for should issue.